[No. B007359. Second Dist., Div. Four. Sept. 3, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE DENNIS, Defendant and Appellant.

## Counsel

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and John R. Gorey, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**RINGER, J.**\*—Following denial of his motion to suppress, appellant pleaded guilty to possessing cocaine for sale and was sentenced to prison for the low term of two years. ■ He appeals from the judgment contending that the contraband was unlawfully seized during an "accelerated booking search" condemned in *People* v. *Laiwa* (1983) 34 Cal.3d 711 [195 Cal.Rptr. 503, 669 P.2d 1278], as a violation of California Constitution, article I, section 13. However, this post-Proposition 8 case is governed by federal constitutional law (*In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744]). Finding no violation of federal constitutional law in the manner the contraband was acquired, we accordingly affirm the judgment.

---

\*Assigned by the Chairperson of the Judicial Council.

The Attorney General agrees that the testimony taken upon the suppression motion is accurately stated in appellant's brief. We concur and incorporate appellant's statement of facts with one footnote addition as follows: "At about 5:45 p.m. on September 25, 1983, Officer Edward Tolley was on patrol in the area of the 1400 block of Chestnut in the City of Long Beach. He and his partner Officer Steven Nottingham were in uniform in their police vehicle. As they were driving, Officer Tolley observed some unusual activity which attracted his attention. According to the officer, appellant was staggering while he was walking in the roadway and was having difficulty maintaining his balance. Appellant was observed walking from the corner of 14th and Cedar until he entered the alley west of Cedar and north of 14th. It was probably a distance of 100 to 150 feet.

"Based upon his training and experience, Officer Tolley formed the opinion appellant might have been under the influence of some type of substance. At the rear of 1432 Chestnut, the officers stopped appellant in a public alley to talk to him. As appellant was standing, Officer Tolley observed him to sway. When the officer came closer to him, he smelled a strong odor of alcohol emanating from appellant's breath. Officer Tolley also noticed appellant's eyes were bloodshot and watery. His speech was slurred when he spoke. At this point, it was the officer's intention to arrest appellant for being under the influence of alcohol or drugs. As Officer Tolley began to arrest him for being under the influence of alcohol in a public place and unable to care for his safety or the safety of others in violation of section 647(f) of the Penal Code,[1] he conducted a pat-down search of appellant.

"When the officer patted down appellant's right-front pocket, he felt a large bulge. It felt like a paper envelope with a lot of bindles inside. They felt like bindles Officer Tolley had seen in the academy and on the street in prior arrests. Based upon his training and experience, he formed the opinion the items might possibly contain contraband. Accordingly, the officer removed the envelope from appellant's pocket and turned it over to his partner for him to investigate a possible violation of section 11350 or 11351 of the Health and Safety Code for possession of a controlled substance and intoxication of a controlled substance.

"At the police station, a G.C.I. exam was administered to appellant for the purpose of determining alcoholic content. Due to the high G.C.I. reading and Officer Tolley's observations, he ruled out that appellant was under the influence of narcotics. Thereafter, appellant was arrested for being under the influence of alcohol in a public place and for possession of a controlled substance for sale.

---

[1] And also for being under the influence of drugs.

"On cross-examination, Officer Tolley testified it was determined appellant lived at 1432 Chestnut which was the building adjacent to the alley where appellant was standing. The officer acknowledged the police report states appellant was arrested after he was observed to be walking on a public street while under the influence of an alcoholic beverage. Officer Tolley smelled no odors of any drugs. He also acknowledged he made no mention of drugs when he testified at the preliminary hearing on December 1, 1983. The results of appellant's G.C.I. test was .12 percent. According to Officer Tolley, when he patted down appellant, the envelope he felt did not feel like a weapon.

"After Officer Nottingham was given the envelope containing the bindles, he opened it. People's 1 depicts the items he recovered from inside the envelope. There were aluminum foil bindles, small paper bindles, and a small plastic baggie containing a white powdery substance."

Appellant's attack on the validity of the cocaine seizure can be refuted summarily. Under *United States* v. *Robinson* (1973) 414 U.S. 218 [38 L.Ed.2d 427, 94 S.Ct. 467] and *Gustafson* v. *Florida* (1973) 414 U.S. 260 [38 L.Ed.2d 456, 94 S.Ct. 488], the officers were entitled to perform a full body search of appellant for contraband following his lawful arrest for being either under the influence of alcohol or drugs. It was not until the time of booking that the officers excluded drugs as a cause of his intoxication. It is not contended that the officers lacked probable cause to arrest him. A full body search is a greater intrusion than the pat-down search which resulted in the officer feeling the envelope and feeling the bindles inside it. The fact that the officer's first concern was for his own safety in the presence of an obviously drunken man does not militate against the validity of the seizure, and since the envelope was on appellant's person, the officers were legally justified in opening it without seeking a search warrant. (*New York* v. *Belton* (1981) 453 U.S. 454 [69 L.Ed.2d 768, 101 S.Ct. 2860].)

The judgment is affirmed.

Woods, P. J., and Arguelles, J., concurred.